# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH MILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLEN McCLURE, et al, ) <br> ) <br> Defendants. ) | Civil Action No. 2: 17-cv-1457 <br><br> United States Magistrate Judge <br> Cynthia Reed Eddy |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Kenneth Miller, is a Pennsylvania state prisoner who is currently housed at SCI-Benner Township. He has brought this *pro se* civil rights lawsuit based on events which allegedly occurred in 2015 while he was incarcerated at SCI-Greene. Miller alleges, *inter alia*, that Defendants used excessive force against him (Amended Complaint, ¶ 63), were deliberately indifferent to his safety (*id*. at ¶ 64), were deliberately indifferent to his medical needs (*id*. at 65), took retaliatory actions against him (*id*. at ¶¶ 66, 67), placed him in solitary confinement for an excessive and disproportionate amount of time (*id*. at 68), and conspired together to violate his constitutional rights (*id*. at ¶ 69). Defendants filed a motion to dismiss. (ECF No. 22). In response, Plaintiff filed an Amended Complaint, which remains his operative pleading. (ECF No. 30).

Defendants filed the pending partial motion to dismiss (ECF No. 32), to which Miller has responded in opposition. (ECF No. 36). Defendants argue that the claims against Superintendent

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 26 and 29.

1

Gilmore and Secretary Wetzel should be dismissed because Plaintiff has failed to adequately allege the personal involvement of these two defendants.

*Standard of Review*

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened pleading of fact pleading. Fed.R.Civ.P. 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests'." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a district court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleading components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)(quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus*, 641 F.3d at 560.

This Court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.3. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler*, 578 F.3d at 212. In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him or her to relief. *Twombly*, 550 U.S at 563 n. 8.

*Discussion*

The United States Court of Appeals for the Third Circuit has explained that there are two theories of supervisory liability in a Section 1983 action: (1) supervisors can be liable in their official capacity if they established and maintained a policy, practice, or custom which directly caused constitutional harm; or, (2) they can be liable personally if they participated in violating the plaintiff's rights, directed others to violate them, or, as persons in charge, had knowledge of and acquiesced in their subordinates' violations. *Santiago v. Warmister Township*, 629 F.3d 121, 128-29 n.4 (3d Cir. 2010). All Defendants in this case are sued in their individual capacities. *See* Amended Complaint, at p. 5. (ECF No. 30).

Plaintiff asserts supervisory liability claims against Superintendent Gilmore and Secretary Wetzel for allegedly violating his constitutional rights "by placing him in solitary confinement in an excessive amount of time and placed on restrictive release," Amended Complaint, at ¶ 68, and against Superintendent Gilmore for acquiescing in the abuse Plaintiff suffered while housed in the RHU at SCI-Greene. Plaintiff alleges that he wrote numerous reports to Superintendent Gilmore detailing the abuse on a daily basis.

The Court finds that Miller has alleged enough to create plausible supervisory liability claims against Superintendent Gilmore and Secretary Wetzel. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to supervisory liability claims, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Miller's favor.

**ORDER**

For the reasons set forth above, the Motion to Dismiss will be denied.

Defendants shall file an Answer on or before **October 31, 2018**, pursuant to Fed.R.Civ.P. 12(a)(4)(A).

IT SO **ORDERED** this 16th day of October, 2018.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: KENNETH MILLER
EC 6130
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823
(via U.S. First Class Mail)

All counsel of record
(via ECF electronic notification)